IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 5-21CR0037-H |
| ALBERT RICHARD BOOZER | |

INDICTMENT

21-mj-8245-WM

The Grand Jury Charges:

Introduction

At all times material to this Indictment:

1. The United States Food and Drug Administration ("FDA") was the federal agency charged with protecting the health and safety of the American public by enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301, *et seq.* Among the purposes of the FDCA was to ensure that drugs sold to the public were safe and effective for their intended uses, and bore labeling containing only true and accurate information. The FDA's responsibilities under the FDCA included regulating the manufacture, labeling, and distribution of all drugs shipped or received in interstate commerce.

2. To legally introduce, deliver for introduction, or cause the delivery or introduction for delivery of a drug into interstate commerce, a person is required to

comply with all applicable provisions of the FDCA and its implementing regulations found in Title 21 of the Code of Federal Regulations.

3. Under the FDCA, upon first engaging in the manufacture, preparation, propagation, compounding, or processing of any drugs, every person was required to immediately register his name, place of business, and all such establishments owned or operated by such person. 21 U.S.C. § 360(c). The terms "manufacture, preparation, propagation, compounding, or processing" include repackaging or otherwise changing the container, wrapper, or labeling of any drug during the time between the original manufacture and the final sale to the ultimate consumer or user. 21 U.S.C. § 360(a)(1).

4. The term "label" was defined as a display of written, printed, or graphic matter upon the immediate container of any article. 21 U.S.C. § 321(k). The term "labeling" was broader, and included all labels and other written, printed, or graphic matter upon any article, including drugs, or on any of its containers or wrappers, or accompanying such article. 21 U.S.C. § 321(m).

5. The FDCA defined "drug" to include articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals, 21 U.S.C. § 321(g)(1)(B); articles (other than food) intended to affect the structure or any function of the body of man or other animals, 21 U.S.C. § 321(g)(1)(C); and articles intended for use as a component of such articles, 21 U.S.C. § 321(g)(1)(D).

6. A product that contains the active pharmaceutical ingredient of an FDA-

approved drug cannot be a "dietary supplement" under the FDCA. *See* 21 U.S.C. § 321(ff)(3)(B)(1).

7. A "prescription drug" was any drug which, "because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe for use except under the supervision of a practitioner licensed by law to administer such drug"; or any drug which is "limited by an approved new drug application . . . to use under the professional supervision of a practitioner licensed by law to administer such drug." 21 U.S.C. § 353(b)(1).

8. Under the FDCA, introducing, delivering for introduction, or causing the introduction or delivery for introduction into interstate commerce of a drug that was misbranded was prohibited. 21 U.S.C. § 331(a).

9. A drug was "misbranded" if, among other things:

(a) its labeling was false or misleading, 21 U.S.C. § 352(a);

(b) its labeling lacked adequate directions for use, 21 U.S.C. § 352(f)(1);

(c) it was manufactured, prepared, propagated, compounded or processed in an establishment not registered with the Secretary of Health and Human Services, 21 U.S.C. § 352(o); or

(d) it was a prescription drug that was dispensed without a written prescription of a practitioner licensed by law to administer such drug, 21 U.S.C. § 353(b)(1).

10. The introduction or delivery for introduction into interstate commerce of a "misbranded" drug with intent to defraud or mislead the consumer or a government entity is a felony. 21 U.S.C. § 333(a)(2).

11. Tramadol was a Schedule IV controlled substance used to relieve moderate to moderately severe pain. Tramadol was an opioid analgesic and opioid activity is the overriding contributor to its pharmacological effects. When the FDA approved drugs containing Tramadol as the active pharmaceutical ingredient, the FDA limited it to use under the professional supervision of a practitioner licensed by law to administer such drug.

12. Illegal distribution of Tramadol and other prescription drugs were facilitated by use of the Internet, through which such prescription drugs could be sold without a prescription by sources in other countries, including India.

13. The FDA monitored websites to ensure that the distribution of prescription drugs complied with the law.

14. The defendant, **Albert Richard Boozer**, was a resident of Florida. He was not registered with the Secretary of Health and Human Services to engage in the manufacture, preparation, propagation, compounding, or processing of drugs. Defendant **Albert Richard Boozer** was responsible for packaging and misbranding Tramadol tablets by placing them into a bottle labeled as "Advanced Joint Care" dietary supplements and shipping the drugs to Lubbock, Texas. **Albert Richard Boozer** also

shipped Tramadol to Lubbock, Texas, in blank packaging. To conceal his identity, Defendant **Albert Richard Boozer** used a false return address when shipping these packages from Florida to Texas.

## Count One
### Introduction of Misbranded Drug into Interstate Commerce
(Violation of 21 U.S.C. §§ 331(a), 333(a)(2))

1. Paragraphs 1 through 14 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From between on or about February 1, 2020, until on or about February 13, 2020, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Albert Richard Boozer**, defendant, with intent to defraud and mislead the FDA and the United States Postal Service by using a false name and return address and falsely labeling the product to make it appear that he was shipping dietary supplements, introduced and delivered for introduction into interstate commerce, and caused to be introduced and delivered for introduction into interstate commerce, a drug, namely Tramadol, which was misbranded, in that:

    (a) its labeling was false and misleading (21 U.S.C. § 352(a)(1));

    (b) its labeling lacked adequate directions for use (21 U.S.C. § 352(f)(1));

    (c) it was manufactured, prepared, propagated, compounded or processed in an establishment not registered with the Secretary of Health and Human Services (21 U.S.C. § 352(o)); and

    (d) it was a prescription drug dispensed without a written prescription of a practitioner licensed by law to administer such drug, (21 U.S.C. § 353(b)(1)).

In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

<u>Count Two</u>
Distribution of Tramadol
(Violation of 21 U.S.C. §§ 841(a)(1), 841(b)(2))

From between on or about February 1, 2020, until on or about February 13, 2020, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Albert Richard Boozer**, defendant, did intentionally and knowingly distribute a mixture and substance containing a detectable amount of Tramadol, a Schedule IV controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(2).

**Albert Richard Boozer**
Indictment - Page 7

A TRUE BILL:

( FOREPERSON

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

_____
RYAN C. REDD
Assistant United States Attorney
North Carolina State Bar No. 49481
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806-472-7531
Facsimile: 806-472-7394
E-mail: ryan.redd@usdoj.gov

Albert Richard Boozer
Indictment - Page 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.

ALBERT RICHARD BOOZER

INDICTMENT

COUNT 1: INTRODUCTION OF MISBRANDED DRUG INTO INTERSTATE COMMERCE
Title 21, United States Code, Sections 331(a), 333(a)(2).

COUNT 2: DISTRIBUTION OF TRAMADOL
Title 21, United States Code, Sections 841(a)(1), 841(b)(2).

A true bill rendered:

Lubbock _____                              _____ Foreperson

Filed in open court this 14th day of April, A.D. 2021.

ARREST WARRANT TO ISSUE

_____
UNITED STATES MAGISTRATE JUDGE