BNDWM,CLOSED

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CRIMINAL DOCKET FOR CASE #: 9:21–mj–08245–WM All Defendants

Case title: USA v. Boozer

Date Filed: 06/16/2021

Other court case number:  21–CR–0037–H Northern District of Texas

Date Terminated: 06/17/2021

Assigned to: Magistrate Judge
William Matthewman

**Defendant (1)**

**Albert Richard Boozer**
50813–509
*English; YOB 1963*
*TERMINATED: 06/17/2021*

represented by

**Noticing FPD–WPB**
(561) 833–6288
Email: wpb_ecf@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender Appointment*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level
(Terminated)**

None

**Complaints**

Removal of Indictment from
Northern District of Texas for
violation of 21:331(a), 333(a)(2),
21:841(a)(1), 841(b)(2)

**Disposition**

**Plaintiff**

**USA**

represented by

1

**Daniel E. Funk**
U.S. Attorney's Office
101 S. U.S. Highway 1
Fort Pierce, FL 34950
305–905–7509
Fax: 772–466–1020
Email: daniel.funk@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/16/2021 | 1 | | Magistrate Removal of Indictment from Northern District of Texas; Case number in the other District 21–CR–0037–H as to Albert Richard Boozer (1). (spe) (Entered: 06/16/2021) |
| 06/16/2021 | 2 | | NOTICE OF HEARING as to Albert Richard Boozer – Initial Appearance – Rule 5(c)(3)/40 set for 6/17/2021 at 10:00 AM in West Palm Beach Division before WPB Duty Magistrate. (spe) (Entered: 06/16/2021) |
| 06/16/2021 | | | SYSTEM ENTRY – Docket Entry 3 restricted/sealed until further notice. (spe) (Entered: 06/16/2021) |
| 06/17/2021 | 4 | | PAPERLESS Minute Order for proceedings held before Magistrate Judge William Matthewman: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Albert Richard Boozer held on 6/17/2021. Date of Arrest or Surrender: 6/17/2021. The Defendant waived his physical appearance in the courtroom and appeared via video from the West Palm Beach Courtroom. The Court found the hearing cannot be further delayed without serious harm to the interests of justice due to the Covid–19 pandemic, the Cares Act and Chief Judge Moore's Administrative Orders. The Court approved defendant's waiver of presence and found the Defendant's consent to appear by video knowing and voluntary. Defendant sworn and advised of charges, maximum penalties and rights. Defendant questioned regarding appointment of counsel and found to be indigent. FPD appointed. Bond set as to defendant at $20,000 PSB. The Court questioned the defendant. The defendant verbally waived removal, and the Court found the waiver knowing and voluntary. Order of Removal signed. Total time in court: 54 minutes. Attorney Appearance(s) via Zoom: Daniel E. Funk (AUSA); Peter Birch (AFPD). Attorney added: Noticing FPD–WPB for Albert Richard Boozer (Digital 10:59:47; 11:29:55 & Zoom) Signed by Magistrate Judge William Matthewman on 6/17/2021. (spe) (Entered: 06/17/2021) |
| 06/17/2021 | 5 | | $20,000 PSB Bond Entered as to Albert Richard Boozer – Approved by Magistrate Judge William Matthewman. *Please see bond image for conditions of release.* (spe) (Additional attachment(s) added on 6/17/2021: # 1 Restricted Bond with 7th Page) (spe). (Entered: 06/17/2021) |
| | | | *Main Document* |
| | | | Attachment # 1 *Restricted Bond with 7th Page (Not Attached)* |
| 06/17/2021 | 6 | | ORDER OF REMOVAL ISSUED to District of Northern District of Texas as to Albert Richard Boozer. Closing Case for Defendant. Signed by Magistrate Judge |

| | | | William Matthewman on 6/17/2021. *See attached document for full details.* (spe) (Entered: 06/17/2021) |

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
LUBBOCK DIVISION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS 2021 APR 14  PM 5: 20
LUBBOCK DIVISION

DEPUTY CLERK_____

UNITED STATES OF AMERICA

v.

ALBERT RICHARD BOOZER

No. 5-21CR0037-H

INDICTMENT                21-mj-8245-WM

The Grand Jury Charges:

Introduction

At all times material to this Indictment:

1.      The United States Food and Drug Administration ("FDA") was the federal agency charged with protecting the health and safety of the American public by enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301, *et seq.*   Among the purposes of the FDCA was to ensure that drugs sold to the public were safe and effective for their intended uses, and bore labeling containing only true and accurate information.   The FDA's responsibilities under the FDCA included regulating the manufacture, labeling, and distribution of all drugs shipped or received in interstate commerce.

2.      To legally introduce, deliver for introduction, or cause the delivery or introduction for delivery of a drug into interstate commerce, a person is required to

**Albert Richard Boozer**
**Indictment - Page  1**

comply with all applicable provisions of the FDCA and its implementing regulations found in Title 21 of the Code of Federal Regulations.

3.      Under the FDCA, upon first engaging in the manufacture, preparation, propagation, compounding, or processing of any drugs, every person was required to immediately register his name, place of business, and all such establishments owned or operated by such person.   21 U.S.C. § 360(c).   The terms "manufacture, preparation, propagation, compounding, or processing" include repackaging or otherwise changing the container, wrapper, or labeling of any drug during the time between the original manufacture and the final sale to the ultimate consumer or user.   21 U.S.C. § 360(a)(1).

4.      The term "label" was defined as a display of written, printed, or graphic matter upon the immediate container of any article.   21 U.S.C. § 321(k).   The term "labeling" was broader, and included all labels and other written, printed, or graphic matter upon any article, including drugs, or on any of its containers or wrappers, or accompanying such article.   21 U.S.C. § 321(m).

5.      The FDCA defined "drug" to include articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals, 21 U.S.C. § 321(g)(1)(B); articles (other than food) intended to affect the structure or any function of the body of man or other animals, 21 U.S.C. § 321(g)(1)(C); and articles intended for use as a component of such articles, 21 U.S.C. § 321(g)(1)(D).

6.      A product that contains the active pharmaceutical ingredient of an FDA-

approved drug cannot be a "dietary supplement" under the FDCA.   *See* 21 U.S.C. §

321(ff)(3)(B)(1).

     7.     A "prescription drug" was any drug which, "because of its toxicity or other

potentiality for harmful effect, or the method of its use, or the collateral measures

necessary to its use, is not safe for use except under the supervision of a practitioner

licensed by law to administer such drug"; or any drug which is "limited by an approved

new drug application . . . to use under the professional supervision of a practitioner

licensed by law to administer such drug."   21 U.S.C. § 353(b)(1).

     8.     Under the FDCA, introducing, delivering for introduction, or causing the

introduction or delivery for introduction into interstate commerce of a drug that was

misbranded was prohibited.   21 U.S.C. § 331(a).

     9.     A drug was "misbranded" if, among other things:

     (a)     its labeling was false or misleading, 21 U.S.C. § 352(a);

     (b)     its labeling lacked adequate directions for use, 21 U.S.C. § 352(f)(1);

     (c)     it was manufactured, prepared, propagated, compounded or processed in an

establishment not registered with the Secretary of Health and Human Services, 21 U.S.C.

§ 352(o); or

     (d)     it was a prescription drug that was dispensed without a written prescription

of a practitioner licensed by law to administer such drug, 21 U.S.C. § 353(b)(1).

**Albert Richard Boozer**
**Indictment - Page 3**

10.     The introduction or delivery for introduction into interstate commerce of a "misbranded" drug with intent to defraud or mislead the consumer or a government entity is a felony. 21 U.S.C. § 333(a)(2).

11.     Tramadol was a Schedule IV controlled substance used to relieve moderate to moderately severe pain. Tramadol was an opioid analgesic and opioid activity is the overriding contributor to its pharmacological effects. When the FDA approved drugs containing Tramadol as the active pharmaceutical ingredient, the FDA limited it to use under the professional supervision of a practitioner licensed by law to administer such drug.

12.     Illegal distribution of Tramadol and other prescription drugs were facilitated by use of the Internet, through which such prescription drugs could be sold without a prescription by sources in other countries, including India.

13.     The FDA monitored websites to ensure that the distribution of prescription drugs complied with the law.

14.     The defendant, **Albert Richard Boozer**, was a resident of Florida. He was not registered with the Secretary of Health and Human Services to engage in the manufacture, preparation, propagation, compounding, or processing of drugs. Defendant **Albert Richard Boozer** was responsible for packaging and misbranding Tramadol tablets by placing them into a bottle labeled as "Advanced Joint Care" dietary supplements and shipping the drugs to Lubbock, Texas. **Albert Richard Boozer** also

**Albert Richard Boozer**
**Indictment - Page 4**

shipped Tramadol to Lubbock, Texas, in blank packaging.    To conceal his identity,

Defendant **Albert Richard Boozer** used a false return address when shipping these

packages from Florida to Texas.

## Count One
### Introduction of Misbranded Drug into Interstate Commerce
(Violation of 21 U.S.C. §§ 331(a), 333(a)(2))

1.      Paragraphs 1 through 14 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      From between on or about February 1, 2020, until on or about February 13, 2020, in the Lubbock Division of the Northern District of Texas, and elsewhere, **Albert Richard Boozer**, defendant, with intent to defraud and mislead the FDA and the United States Postal Service by using a false name and return address and falsely labeling the product to make it appear that he was shipping dietary supplements, introduced and delivered for introduction into interstate commerce, and caused to be introduced and delivered for introduction into interstate commerce, a drug, namely Tramadol, which was misbranded, in that:

(a)      its labeling was false and misleading (21 U.S.C. § 352(a)(1));

(b)      its labeling lacked adequate directions for use (21 U.S.C. § 352(f)(1));

(c)      it was manufactured, prepared, propagated, compounded or processed in an establishment not registered with the Secretary of Health and Human Services (21 U.S.C. § 352(o)); and

(d)      it was a prescription drug dispensed without a written prescription of a practitioner licensed by law to administer such drug, (21 U.S.C. § 353(b)(1)).

In violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

Albert Richard Boozer
Indictment - Page 6

Count Two
Distribution of Tramadol
(Violation of 21 U.S.C. §§ 841(a)(1), 841(b)(2))

From between on or about February 1, 2020, until on or about February 13, 2020,

in the Lubbock Division of the Northern District of Texas, and elsewhere, **Albert

Richard Boozer**, defendant, did intentionally and knowingly distribute a mixture and

substance containing a detectable amount of Tramadol, a Schedule IV controlled

substance.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(2).

**Albert Richard Boozer**
**Indictment - Page 7**

A TRUE BILL:


( FOREPERSON

PRERAK SHAH
ACTING UNITED STATES ATTORNEY


RYAN C. REDD
Assistant United States Attorney
North Carolina State Bar No. 49481
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:    806-472-7531
Facsimile:    806-472-7394
E-mail:       ryan.redd@usdoj.gov

**Albert Richard Boozer**
**Indictment - Page 8**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.

ALBERT RICHARD BOOZER

|  | INDICTMENT |
| --- | --- |
| COUNT 1: | INTRODUCTION OF MISBRANDED DRUG INTO INTERSTATE COMMERCE |
|  | Title 21, United States Code, Sections 331(a), 333(a)(2). |
| COUNT 2: | DISTRIBUTION OF TRAMADOL |
|  | Title 21, United States Code, Sections 841(a)(1), 841(b)(2). |

A true bill rendered:

Lubbock _____                    _____ Foreperson

Filed in open court this _14ᵀᴴ_ day of ___April___, A.D. 2021.

ARREST WARRANT TO ISSUE

_____
UNITED STATES MAGISTRATE JUDGE

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Noticing FPD-WPB (wpb_ecf@fd.org), Daniel E. Funk
(caseview.ecf@usdoj.gov, daniel.funk@usdoj.gov, gabrielle.brennan-bella@usdoj.gov,
jessica.mazari2@usdoj.gov, usafls-brdkt@usdoj.gov, usafls-hqdkt@usdoj.gov,
virginia.teague@usdoj.gov), Magistrate Judge William Matthewman
(matthewman@flsd.uscourts.gov)
--Non Case Participants: Federal Public Defender (fls_ecf@fd.org)
--No Notice Sent:

Message-Id:21196233@flsd.uscourts.gov
Subject:Activity in Case 9:21-mj-08245-WM USA v. Boozer Initial Appearance - Rule
5(c)(3)/Rule 40
Content-Type: text/html
```

## U.S. District Court

## Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 6/17/2021 at 3:20 PM EDT and filed on 6/17/2021

| | |
|---|---|
| **Case Name:** | USA v. Boozer |
| **Case Number:** | 9:21-mj-08245-WM |
| **Filer:** | |
| **Document Number:** | 4(No document attached) |

**Docket Text:**
 **PAPERLESS Minute Order for proceedings held before Magistrate Judge William Matthewman: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Albert Richard Boozer held on 6/17/2021. Date of Arrest or Surrender: 6/17/2021. The Defendant waived his physical appearance in the courtroom and appeared by video from the West Palm Beach Courtroom. The Court found the hearing cannot be further delayed without serious harm to the interests of justice due to the Covid-19 pandemic, the Cares Act and Chief Judge Moore's Administrative Orders. The Court approved defendant's waiver of presence and found the Defendant's consent to appear by video knowing and voluntary. Defendant sworn and advised of charges, maximum penalties and rights. Defendant questioned regarding appointment of counsel and found to be indigent. FPD appointed. Bond set as to defendant at $20,000 PSB. The Court questioned the defendant. The defendant verbally waived removal, and the Court found the waiver knowing and voluntary. Order of Removal signed. Total time in court: 54 minutes. Attorney Appearance(s) via Zoom: Daniel E. Funk (AUSA); Peter Birch (AFPD). Attorney added: Noticing FPD-WPB for Albert Richard Boozer (Digital 10:59:47; 11:29:55 & Zoom) Signed by Magistrate Judge William Matthewman on 6/17/2021. (spe)**


**9:21-mj-08245-WM-1 Notice has been electronically mailed to:**

Noticing FPD-WPB &nbsp &nbsp wpb_ecf@fd.org

Daniel E. Funk &nbsp &nbsp daniel.funk@usdoj.gov, CaseView.ECF@usdoj.gov,

Gabrielle.Brennan–bella@usdoj.gov, Jessica.Mazari2@usdoj.gov, USAFLS–BRDKT@usdoj.gov, usafls–hqdkt@usdoj.gov, virginia.teague@usdoj.gov

**9:21–mj–08245–WM–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

```
MIME-Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Daniel E. Funk (caseview.ecf@usdoj.gov, daniel.funk@usdoj.gov,
gabrielle.brennan-bella@usdoj.gov, jessica.mazari2@usdoj.gov, usafls-brdkt@usdoj.gov,
usafls-hqdkt@usdoj.gov, virginia.teague@usdoj.gov), Magistrate Judge William Matthewman
(matthewman@flsd.uscourts.gov)
--Non Case Participants: United States Pretrial, Probation and PSIunit Office (Court Desk)
(flsp_cd@flsp.uscourts.gov)
--No Notice Sent:

Message-Id:21192493@flsd.uscourts.gov
Subject:Activity in Case 9:21-mj-08245-WM USA v. Boozer Notice of Hearing
```
Content–Type: text/html

## U.S. District Court

## Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 6/16/2021 at 4:21 PM EDT and filed on 6/16/2021

| | |
|---|---|
| **Case Name:** | USA v. Boozer |
| **Case Number:** | 9:21–mj–08245–WM |
| **Filer:** | |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
 **NOTICE OF HEARING as to Albert Richard Boozer – Initial Appearance – Rule 5(c)(3)/40 set for 6/17/2021 at 10:00 AM in West Palm Beach Division before WPB Duty Magistrate. (spe)**

**9:21–mj–08245–WM–1 Notice has been electronically mailed to:**

Daniel E. Funk &nbsp &nbsp daniel.funk@usdoj.gov, CaseView.ECF@usdoj.gov, Gabrielle.Brennan–bella@usdoj.gov, Jessica.Mazari2@usdoj.gov, USAFLS–BRDKT@usdoj.gov, usafls–hqdkt@usdoj.gov, virginia.teague@usdoj.gov

**9:21–mj–08245–WM–1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1–888–318–2260.:**

(Revised 03/2020)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**APPEARANCE BOND:** _____

**CASE NO.:** _21-mj-8245-WM_

UNITED STATES OF AMERICA:

Plaintiff,

v.                                                          USM # : _50813-509_____

Albert Richard Boozer
                    Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ _____20,000 PSB_____

## STANDARD CONDITIONS OF BOND

### The conditions of this bond are that the defendant:

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: Albert Richard Boozer
CASE NUMBER:
PAGE TWO 21-mj-8245-WM

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

X a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case; surrender by 5:00 p.m. on 6/18/2021

X b. Report to Pretrial Services as follows: ( X ) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

X c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

X d. Refrain from __X__ excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): _____

X g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

X i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

X k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

___ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

**DEFENDANT:** Albert Richard Boozer
**CASE NUMBER:**
**PAGE THREE** 21-mj-8245-WM

__ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on ( ) ability to pay as determined by the U.S. Probation Officer – or – ( ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

__ Active GPS Monitoring

__ Voice Recognition

__ Curfew: You are restricted to your residence every day from_____ to_____, or as directed by the supervising officer.

**OR**

__ Home Detention: You are restricted to your residence at all times except for:

( ) medical

( ) substance abuse or mental health treatment

( ) court appearances

( ) attorney visits or court ordered obligations

( ) religious services

( ) employment

( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment

( ) education

( ) religious services

( ) medical, substance abuse, or mental health treatment

( ) attorney visits

( ) court appearances

( ) court ordered obligations

( ) reporting to Pretrial Services

( ) other _____

__ q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

18

**DEFENDANT:** Albert Richard Boozer
**CASE NUMBER:**
**PAGE FOUR** 21-mj-8245-WM

\_\_ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

\_\_ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1.  ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

2.  ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

3.  ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

4.  ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

5.  ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

6.  ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

7.  ( ) The defendant shall not be involved in any children's or youth organizations.

8.  ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

9.  ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

X_ u. May travel to and from: _SDFL & NDTX_____, and must notify Pretrial Services of travel plans before leaving and upon return.

X_ v. Comply with the following additional conditions of bond:
Report in-person to NDTX on 6/23/2021 at 10:00 A.M.; Refrain from any illegal activity on any electronic

equipment or device.

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a \$250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a \$250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a \$250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a \$250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than \$250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than \$250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than \$250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than \$100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Albert Richard Boozer
CASE NUMBER:
PAGE SIX  21-mj-8245-WM

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 17th day of June , 20 21 at WPB , Florida

Signed and acknowledged before me:

WITNESS: _____

DEFENDANT: (Signature) _____

_Royal Palm Beach_          _FL_
City                              State

_____  _____
City        State

### CORPORATE SURETY

Signed this _____ day of _____, 20 ___ at _____, Florida

SURETY: _____

AGENT: (Signature) _____

PRINT NAME: _____

_____  _____
City        State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____  _____
City        State

Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____  _____
City        State

Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____  _____
City        State

Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____  _____
City        State

### APPROVAL BY THE COURT

Date: 6/17/2021

_William Matthewman_
UNITED STATES MAGISTRATE JUDGE,
William Matthewman

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. ___21-mj-8245-WM_____

UNITED STATES OF AMERICA,
      Plaintiff,
vs.

**ORDER OF REMOVAL**

Albert Richard Boozer____
      Defendant.

Reg # 50813-509_____

A(n)   ☐ Complaint
       ☒ Indictment
       ☐ Information
       ☐ Probation Violation Warrant
       ☐ Bench Warrant

having been filed in the ___Northern District of Texas_____, charging the above
named defendant with ___21:331(a), 333(a)(2), 21:841(a)(1), 841(b)(2)_____, and the

defendant having ☐ surrendered    ☒ been arrested

in the Southern District of Florida, having had an initial appearance before the Court and

having:   ☐ waived further hearing ☐ been given a hearing in accordance with

**Fed.R.Crim.P. 40** ☒ having posted the bail as set by the Court, it is thereupon

    **ORDERED AND ADJUDGED** as follows:

1. The defendant is held to answer in the District in which the charge is outstanding and shall appear before the District Court thereof at such time and place as may be ordered; and

2. **All funds** and **documents** filed with the Clerk of Court in this case shall be **transferred** to the District where the charge is outstanding.

**DONE AND ORDERED** at West Palm Beach, Florida this 17th day of June, 2021.

_William Matthewman_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE